## No. 348.

### SARAH L. LAY *v.* Succession of ELIAS O'NEIL.

'This court has no jurisdiction over this cause. It involves the examination and correction of a tutor's accounts, and, as set out, is virtually an opposition to said accounts, which are in the probate court, and of which the parish court has jurisdiction, although the amount involved exceeds five hundred dollars. Const. 87, 88.

By the allegations in the petition the tutor's annual accounts, or some of them, are homologated by the probate court, and the opposition to them must be made in the same tribunal.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier.   *Fort,* special judge.   *J. D. Watkins,* for plaintiff and appellee.   *Griffin & Snider,* for defendant and appellant.

HOWELL, J.   The plaintiffs, who are the heirs of Isaac Lay, deceased, allege that they inherited from their father a large estate subject to but few debts; that Elias O'Neil was the administrator thereof, and afterwards became their tutor, to wit, in 1859, and so continued until his death, in 1871, his succession being now represented by Mrs. Elizabeth O'Neil; that said Elias O'Neil filed eight annual accounts in the probate court of Bossier parish, contradictorily with the under tutor; that said accounts set forth many illegal and erroneous charges, as shown by a statement annexed to the petition herein, by which it appears that their said tutor is indebted to them in the sum of $130,-390 04, with interest, of which the sum of $25,442 11 was in gold, for property sold in December, 1866, as per proces verbal; that Mary E. Lay, one of the petitioners, signed a receipt with her husband to said O'Neil for a sum of money, which money she never

saw, and no account was ever shown or rendered to her; that other receipts may have been signed by others of the heirs, but they are not conclusive against any of the petitioners, three of whom are married, and that all the said acts and administration are open to inquiry. They pray that the under tutor of the minor heir be cited, as his tutor has an adverse interest; that Mrs. O'Neil, administratrix, be cited and judgment be rendered in their favor for the sum as above set forth.

Mrs. O'Neil, as executrix, excepts to the jurisdiction of the court, and avers that the parish court has exclusive jurisdiction of this cause.

*First*—Because the matters in controversy involve the settlement of a succession.

*Second*—Because they involve the settlement of tutor's accounts and administrative and probate proceedings.

They further except that a direct action for a specific sum can not be brought by the minors or wards against their tutor or his succession on account of his tutorship, their remedy being for the rendition of an account; that the under tutor can not thus sue because the interest of the minor is not opposed to that of his present tutor, and can not sue for a specific sum, but can only sue for the removal of the tutor, and not for an account.

The exceptions were overruled, an answer was filed, and judgment rendered against the defendant, who appealed.

We have come to the conclusion that the district court had not jurisdiction of the cause. It certainly involves the examination and correction of the tutor's accounts, and as set out is virtually an opposition to said accounts, which are in the probate court, and of which the parish court has jurisdiction, although the amount involved exceeds five hundred dollars. Const. 87, 88.

By the allegations in the petition the said annual accounts, or some of them, were homologated by the probate court, and the opposition to them must be made in the same tribunal.

It is therefore ordered that the judgment appealed from be reversed, that the exception to the jurisdiction be maintained and the suit dismissed, with costs in both courts.